UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Janierky Perez
and other similarly situated individuals,

      Plaintiff (s),

v.

Water Pro LLC
and Matthew Socarraz, individually,

      Defendants

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, Janierky Perez, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Water Pro LLC and Matthew Socarraz individually and alleges:

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff Janierky Perez is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant Water Pro LLC (hereinafter, Water Pro, or Defendant) is a Florida corporation with its place of business in Dade County, within the jurisdiction of this Court. At all times material, Defendant was and is engaged in interstate commerce.

4.  Individual Defendant Matthew Socarraz is the owner/partner/officer and manager of Defendant Corporation Water Pro. This individual Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5.  All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

6.  This cause of action is brought by Plaintiff Janierky Perez as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked over forty (40) hours during one or more weeks on or after November 2021, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7.  Corporate Defendant Water Pro is a water treatment company. Defendant sells and installs water treatment equipment and supplies. Defendant also provides water testing services, maintenance, and repairs. Defendant's facilities are located at 17301 SW 248 ST, Homestead, FL, 33031, where Plaintiff worked.

8.  Defendants Water Pro and Matthew Socarraz employed Plaintiff Janierky Perez as a non-exempted, full-time, hourly employee from approximately November 15, 2021, to April 14, 2022, or more than 21 weeks.

9.  Plaintiff had duties as a water purification technician, installing water purification systems, maintaining, repairing, and performing water testing.

10. During the relevant time of employment, Plaintiff had a wage rate of $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

11. While employed with Defendants, Plaintiff worked overtime hours that were not paid to him at any rate, not even at the minimum wage rate, as required by law.

12. Plaintiff had a regular schedule. Plaintiff worked 5 days from Monday to Friday, from 8:00 AM to 5:30 PM (9.5 hours daily), and completed 47.5 hours weekly.

13. Twice per month, Plaintiff worked 6 days. On Saturdays, he worked from 8:00 AM to 5:00 PM (9 hours).

14. Consequently, during his employment with Defendants, Plaintiff worked 10 weeks of 47.5 hours weekly and 11 weeks with 56.5 hours weekly. Plaintiff was not able to take bonafide lunchtime.

15. Plaintiff worked regularly and consistently more than 40 hours weekly. However, Plaintiff was paid bi-weekly for 40 hours or less. Now and then, Plaintiff was paid some overtime hours. However, the remaining hours were not paid at any rate, not even at the minimum wage rate.

16. Sometimes, Plaintiff clocked in and out, but most of the time, someone from the staff (owner's wife Tanya Socarraz) clocked in and out for him.

17. Plaintiff's working hours were not recorded correctly. As a result, Plaintiff was not paid for all his regular and overtime hours.

18. Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. They knew about the total number of hours worked by Plaintiff and other similarly situated individuals.

19. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

20. Plaintiff was paid bi-weekly by direct deposits. Plaintiff was provided with paystubs that did not reflect the actual number of days and hours worked.

21. Plaintiff did not have access to check his working hours, and he was not in agreement with the number of hours paid to him every week. Plaintiff complained numerous times about missing regular and overtime hours, but Plaintiff's complaints were ignored.

22. On or about April 14, 2022, Plaintiff complained to the owner's wife, Tanya Socarraz, about the lack of payment for regular hours and overtime hours. Tanya Socarraz refused to pay overtime hours and fired Plaintiff on the spot. Tanya Socarraz stated: "We do not pay overtime here."

23. At this time, Plaintiff is filing only one count for overtime violations. After discovery, Plaintiff will amend his Complaint to recover regular unpaid hours.

24. Plaintiff intends to recover regular hours, overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

25. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate about the overtime hours owed to him (hours in excess of 40 weekly). After discovery, Plaintiff will amend his statement of claim to recover any regular unpaid hours (hours under 40 weekly).

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

26. Plaintiff Janierky Perez re-adopts every factual allegation stated in paragraphs 1-25 above as if set out in full herein.

27. This action is brought by Plaintiff Janierky Perez and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

28. The Employer, Water Pro, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a water treatment company and seller of water treatment equipment and supplies. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

29. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

30. Defendants Water Pro and Matthew Socarraz employed Plaintiff Janierky Perez as a non-exempted, full-time, hourly employee from approximately November 15, 2021, to April 14, 2022, or more than 21 weeks.

31. Plaintiff had duties as a water treatment technician, installing water purification systems, maintaining, repairing, and performing water testing.

32. During the relevant time of employment, Plaintiff had a wage rate of $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

33. While employed with Defendants, Plaintiff worked overtime hours that were not paid to him at any rate, not even at the minimum wage rate, as required by law.

34. Plaintiff had a regular schedule, and every month he worked 2 weeks of 5 days and 2 weeks of 6 days.

35. Consequently, during his employment with Defendants, Plaintiff worked 10 weeks of 47.5 hours weekly and 11 weeks with 56.5 hours weekly. Plaintiff was not able to take bonafide lunchtime.

36. Plaintiff worked regularly and consistently more than 40 hours weekly. However, Plaintiff was paid bi-weekly for 40 hours or less. Now and then, Plaintiff was paid some overtime hours. The remaining hours were not paid at any rate, not even at the minimum wage rate.

37. Sometimes, Plaintiff clocked in and out, but most of the time, someone from the staff (owner's wife Tanya Socarraz) clocked in and out for him.

38. Plaintiff's working hours were not recorded correctly. As a result, Plaintiff was not paid for all his regular and overtime hours.

39. Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals, and they knew about the total number of hours worked by Plaintiff and other similarly situated individuals.

40. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

41. Plaintiff was paid bi-weekly by direct deposits. Plaintiff was provided with paystubs that did not reflect the real number of days and hours worked.

42. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. Nevertheless, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

43. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

44. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of

the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate. After proper discovery, calculations will be adjusted to deduct any overtime hour already paid.

    a.  <u>Total amount of alleged unpaid wages</u>:

Five Thousand Seven Hundred Seventy-One Dollars and 25/100 ($5,771.25)

    b.  <u>Calculation of such wages</u>:

Total time of employment: 21 weeks
Total relevant weeks of employment: 21 weeks
Regular rate: $15.00 an hour x 1.5 = $22.50

    1.- <u>O/T for 10 weeks with 5 days/47.5 working hours weekly</u>

Total Relevant weeks:  10 weeks
Total hours worked: 47.5 hours weekly
Total unpaid O/T hours: 7.5 O/T hours
Regular rate: $15.00 an hour x 1.5 = $22.50
O/T rate: $22.50

$22.50 x 7.5 O/T hours=$168.75 weekly x 10 weeks=$1,687.50

    2.- <u>O/T for 11 weeks with 6 days/56.5 working hours weekly</u>

Total Relevant weeks:  11 weeks
Total hours worked: 56.5 hours weekly
Total unpaid O/T hours: 16.5 O/T hours
Regular rate: $15.00 an hour x 1.5 = $22.50
O/T rate: $22.50

$22.50 x 16.5 O/T hours=$371.25 weekly x 11 weeks=$4,083.75

Total #1, and #2: $5,771.25

    c.  <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid overtime hours.

45. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay Plaintiff and others similarly situated at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

46. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff and those similarly situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

47. At times mentioned, individual Defendant Matthew Socarraz was and is now the owner/partner and manager of Water Pro. Defendant Matthew Socarraz was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in Water Pro's interest concerning its employees, including Plaintiff and others similarly situated. Defendant Matthew Socarraz had financial and operational control of the business, provided Plaintiff with his work schedule, and is jointly and severally liable for Plaintiff's damages.

48. Defendants Water Pro and Matthew Socarraz willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff and other similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

49. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff   and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Janierky Perez and other similarly situated individuals and against the Defendants Water Pro and Matthew Socarraz, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff Janierky Perez actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; an

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff Janierky Perez demands a trial by jury of all issues triable as of right by jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATION; AGAINST ALL DEFENDANTS**

50. Plaintiff Janierky Perez re-adopts every factual allegation stated in paragraphs 1-25 of this Complaint as if set out in full herein.

51. The Employer, Water Pro, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a water treatment

company and seller of water treatment equipment and supplies. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

52. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

53. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

54. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

55. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

56. Defendants Water Pro and Matthew Socarraz employed Plaintiff Janierky Perez as a non-exempted, full-time, hourly employee from approximately November 15, 2021, to April 14, 2022, or more than 21 weeks.

57. Plaintiff had duties as a water treatment technician, installing water purification systems, maintaining, repairing water treatment equipment, and performing water testing.

58. During the relevant time of employment, Plaintiff had a wage rate of $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

59. While employed with Defendants, Plaintiff worked overtime hours that were not paid to him at any rate, not even at the minimum wage rate, as required by law.

60. Plaintiff had a regular schedule, and every month he worked 2 weeks of 5 days and 2 weeks of 6 days.

61. Consequently, during his employment with Defendants, Plaintiff worked 10 weeks of 47.5 hours weekly and 11 weeks with 56.5 hours weekly. Plaintiff was not able to take bonafide lunchtime.

62. Plaintiff worked regularly and consistently more than 40 hours weekly. However, Plaintiff was paid bi-weekly for 40 hours or less. Now and then, Plaintiff was paid some overtime hours. The remaining hours were not paid at any rate, not even at the minimum wage rate.

63. Sometimes, Plaintiff clocked in and out, but most of the time, someone from the staff (owner's wife Tanya Socarraz) clocked in and out for him.

64. Plaintiff's working hours were not recorded correctly. As a result, Plaintiff was not paid for all his regular and overtime hours.

65. Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. They knew about the total number of hours worked by Plaintiff and other similarly situated individuals.

66. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

67. Plaintiff was paid bi-weekly by direct deposits. Plaintiff was provided with paystubs that did not reflect the real number of days and hours worked.

68. Plaintiff did not have access to check his working hours, and he was not in agreement with the number of hours paid to him every week. Plaintiff complained numerous times about missing regular and overtime hours, but Plaintiff's complaints were ignored.

69. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

70. On or about April 14, 2022, Plaintiff complained to the owner's wife, Tanya Socarraz, about the lack of payment for regular hours and overtime hours for the last time.

71. This complaint constituted protected activity under 29 U.S.C. 215(a)(3).

72. However, Tanya Socarraz refused to pay overtime hours and fired Plaintiff on the spot. Tanya Socarraz stated: "We do not pay overtime here."

73. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

74. The termination of Plaintiff Janierky Perez by the Defendants was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because of his complaints about overtime payment, in violation of Federal Law.

75. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

76. Defendants Water Pro and Matthew Socarraz willfully and maliciously retaliated against Plaintiff J Janierky Perez by engaging in a retaliatory action that was materially adverse to a reasonable employee and with the purpose of dissuading Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

77. The motivating factor which caused Plaintiff Janierky Perez to be fired from the business, as described above, was his complaints seeking overtime wages from the Defendants. In other words, Plaintiff would not have been fired but for his complaints regarding overtime wages.

78. At times mentioned, individual Defendant Matthew Socarraz was and is now the owner/partner and manager of Water Pro. Defendant Matthew Socarraz was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in Water Pro's interest concerning its employees, including Plaintiff and others similarly situated. Defendant Matthew Socarraz had financial and operational control of the business, provided Plaintiff with his work schedule, and is jointly and severally liable for Plaintiff's damages.

79. Defendants' adverse actions against Plaintiff Janierky Perez were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

80. Plaintiff Janierky Perez has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Janierky Perez respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Water Pro and Matthew Socarraz that Plaintiff Janierky Perez recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Water Pro and Matthew Socarraz to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Janierky Perez further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff Janierky Perez demands a trial by a jury of all issues triable as of right by a jury.

DATED: May 22, 2022

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*