# SETTLEMENT, RELEASE AND NON-DISCLOSURE AGREEMENT

THIS SETTLEMENT, RELEASE AND NON-DISCLOSURE AGREEMENT (hereinafter referred to as the "Agreement") is made and entered into by and between JANIERKY PEREZ (hereinafter referred to as "Plaintiff"), WATER PRO LLC, and Mathew Socarraz (hereinafter referred to as "Defendants").

W I T N E S S E T H:

WHEREAS, the above styled Plaintiff filed a Civil Action against Defendants in the United States District Court, Southern District of Florida, to which case 1:22-cv-21574-MGC (hereinafter referred to as the "Civil Action") was assigned, and in which Plaintiff alleged a claim under the Fair Labor Standards Act (hereinafter "FLSA").

WHEREAS, Defendants deny Plaintiff's claims;

WHEREAS, Plaintiff and Defendants desire to avoid incurring further costs of litigation, and seek to resolve all matters in controversy, disputes, and causes of action between them in an amicable fashion;

WHEREAS, Plaintiff and Defendants have reached a full and final compromise and settlement of all matters, causes of action, claims and contentions between them; and

WHEREAS, Plaintiff acknowledge that any payment received pursuant to this Agreement constitutes consideration which he would not otherwise be entitled to voluntarily receive from Defendants.

NOW THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and to avoid unnecessary litigation, it is hereby agreed by and between the Parties as follows:

1.      This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violation of the rights of Plaintiff or any other person, or of any violation of any order, law, statute, regulation, duty, or contract, or any act of discrimination whatsoever against Plaintiff or any other person, and Defendants specifically disclaims any liability to, or discrimination against Plaintiff or any other person, and any alleged violation of any rights of Plaintiff or any other person, or of any order, law, statute, regulation, duty or contract.

2.      Plaintiff agrees that he shall take all necessary actions to execute, serve, and file all documents and pleadings necessary to dismiss the Civil Action with prejudice as to all Defendants.

SPDN-868764429-3101498

Doc ID: 34c7f7a443175184371f09b50d9fde36fe43b9b0

3.	In full settlement of all claims, including attorneys' fees and costs, and in consideration of the non-disclosure and non-disparagement terms in paragraphs 6 and 7, Defendants agree to pay Plaintiff and his attorney the total gross amount of Seven Thousand Seven Hundred and Fifty Dollars and Zero cents ($7,750.00) which shall be distributed as follows:

(a)	Four Thousand Dollars and Zero Cents ($4,000.00) to Plaintiff JANIERKY PEREZ, constituting of $2,000.00 as "wages", less deductions for taxes normally and customarily paid by the employee, and $2,000.00 as "liquidated damages", without deductions (via 1099).

(b)	Three Thousand Seven Hundred and Fifty Dollars and Zero cents ($3,750.00) will be made payable to ZANDRO E. PALMA, P.A., 9100 S. Dadeland Blvd., Suite 1500, Miami, FL 33156. This sum is allocated as payment for Plaintiff's claims for attorneys' fees and costs.

(c)	The payments described above shall be made and received by Plaintiff's counsel on or before June 29, 2022.  All funds shall remain in Plaintiff's counsel's Trust and not be disbursed until the Court has entered an order approving the parties' settlement and dismissing the case with prejudice. The Parties agree that it is the responsibility of Plaintiff's counsel to remit and disburse all sums owed to Plaintiff under the terms of this Agreement.

4.	Plaintiff represents and agrees that he is waiving all rights to employment or to be considered for employment as an employee, temporary employee, independent contractor, consultant, or in any other capacity with Defendants.  The Parties agree and further acknowledge that Plaintiff is not waiving claims or rights arising after the execution of this Agreement, but that Plaintiff has contractually agreed not to apply for employment with Defendants in the future and this Agreement shall constitute a bar of any claim that Plaintiff may have should Plaintiff apply for employment with Defendants in the future and not be hired.  Plaintiff acknowledges that Defendants would not have entered into this Agreement but for the representation contained herein.

5.	It is expressly understood by Plaintiff and his attorneys that the obligations of Defendants contained in paragraph 3 of this Agreement shall be in lieu of any and all amounts to which Plaintiff or his attorneys are now, or may become, entitled to, based upon any claim whatsoever arising out of his employment with Defendants or otherwise (including special, general or exemplary damages, attorneys' fees, interest, expenses, and costs actually incurred).

6.	Plaintiff warrants that he and his spouse/life partner, family members, attorneys, tax advisors, and accountants have not and will not disclose, communicate, disseminate and/or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement or its underlying facts, directly or indirectly, specifically or generally, to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the

extent necessary to report income to appropriate taxing authorities; (2) to his attorney(s), tax advisors, and accountant(s); (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency, provided, however, that notice of receipt of such judicial order or subpoena immediately shall be communicated to counsel for Defendants telephonically, and confirmed immediately thereafter in writing so that Defendants will have the opportunity to intervene to assert what rights it may have in non-disclosure prior to any response to the order or subpoena, and (4) to a Court of competent jurisdiction in order to enforce this Agreement or demonstrate a breach of this Agreement.

7.  Plaintiff, on behalf of himself, or his agents, attorneys, heirs, executors, administrators, and assigns, agrees that he shall not make any negative comments or disparage Defendants, or any of its owners, management, stockholders, subsidiaries, parents, officers, directors, members, representatives, employees, agents, products, or services, and/or other direct or indirect affiliates, either in writing, orally or electronically or by any other means of communication of information or issue or cooperate with the issuance of any article, memorandum, release, interview, publicity or statement, whether oral or written of any kind, to any individual, the public, the press or the media, which in any way may disparage, impair, or defame the goodwill, reputation, image or commercial interests of Defendants, its owners, management, stockholders, subsidiaries, parents, officers, directors, members, representatives, employees, agents, products, or services, and/or other direct or indirect affiliates.

8.  The foregoing agreements not to disclose or disparage shall be binding on Plaintiff, his spouse/life partner, family members, attorney(s), and accountant(s), and Plaintiff shall instruct his spouse, family members, attorney(s) and accountant(s) of these provisions. Plaintiff's signature hereto also indicates his agreement that the non-disclosure and non-disparagement provisions are material elements of this Agreement and part of the consideration for Defendant entering into this Agreement.  No action of Defendants shall be taken as a waiver of its right to insist that Plaintiff abide by the terms of this Agreement.

9.  The Parties further agree that in the event that Plaintiff violates any provision of paragraphs 6 or 7, Defendants shall be entitled to the following from Plaintiff:

   i.   Any and all actual damages, including compensatory damages suffered;

   ii.  Liquidated damages in the amount of $2,000.00 per violation; and

   iii. The agreement by the violating Plaintiff to the entry of a Restraining Order/ Injunction.

10. The Parties further acknowledge that if the Plaintiff is asked about the Civil Action, he may only respond that the "matter was amicably resolved," or that the "matter has been settled to the Parties' mutual satisfaction," or other words to that effect.  Plaintiff acknowledges and agrees that he is specifically prohibited from initiating any

communication, verbally or in writing, or electronically, with any person, business, organization, corporation, association or governmental agency regarding the institution of the Civil Action against Defendant or the underlying facts in that action.

11. Defendants agrees to refer any employer seeking a reference on Plaintiff to Defendant's Office Manager and that the Office Manager will release to any such employer, upon such request, Plaintiff's dates of employment, salary and position only.

12. Plaintiff, for and in consideration of the payment and obligations set forth in this Agreement and unconditionally and irrevocably for other good and valuable consideration, hereby releases and forever discharges, and by this Agreement does release and forever discharge Defendants, and all of Defendants' past and present parents, successors in interest and heirs, assigns, affiliates, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, and its/their current or former officers, directors, stockholders, members, employees, agents, representatives, attorneys, fiduciaries, administrators, executors or heirs, successors or assigns, in both their individual and official capacity) (hereinafter collectively referred to as "Released Parties"), from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes of action whatsoever, whether known or unknown, and agree not to sue and not to assert against them, any causes of action, claims and demands whatsoever, known or unknown, at law, or in equity, or before any agency or commission of local, state and federal government, arising, alleged to have arisen, or which may have been alleged to have arisen or which may arise under any law and whether such claims are pursued in a personal or individual capacity, or in a representational or relator capacity including, but not limited to, federal, state, county, or municipal employment, anti-discrimination, anti-harassment or anti-retaliatory laws and "whistleblower" laws such as the Fair Labor Standards Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended in 1972, 1991, Florida Civil Rights Act of 1992, Worker's Compensation Act (retaliatory claims) 448.102 Fla. Stat., any federal whistleblower provision, statutes and laws of contract and tort, including without limitation, claims for wrongful discharge, defamation and negligent or intentional infliction of emotional distress that Plaintiff on behalf of himself and/or on behalf of persons similarly situated, ever had, now have or which his heirs, executors, administrators, or assigns, or any of them, hereafter can, shall or may have for or by reason of any cause whatsoever, based upon any set of facts known or unknown, occurring prior to and including the date of the execution of this Agreement.

Notwithstanding, this release does not encompass nor include Plaintiff's current workers compensation claim for benefits currently pending with the State of Florida, Division of Administrative Hearings, OJCC Case Number 22-009781ERA. Said claim is specifically carved out of this agreement.

13. Defendants, for and in consideration of the obligations set forth in this Agreement and except as provided in this Agreement, and for other good and valuable

consideration, hereby releases and forever discharges, and by this Agreement do release and forever discharge Plaintiff from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes of action whatsoever, whether known or unknown, and agree not to sue and not to assert against him, any causes of action, claims and demands whatsoever, known or unknown, at law, in equity, and under contract and tort, that Defendant ever had, now has or which its heirs, executors, administrators, or assigns, or any of them, hereafter can, shall or may have for or by reason of any cause whatsoever, to the effective date of this Agreement.

Notwithstanding, this release does not encompass nor include any claims Defendants may have against Plaintiff arising out of, or which may arise, in Plaintiff's current workers compensation claim for benefits currently pending with the State of Florida, Division of Administrative Hearings, OJCC Case Number 22-009781ERA.  Any such claims are specifically carved out of this agreement.

14.     Plaintiff specifically acknowledges that he has consulted with an attorney prior to executing the Agreement and acknowledges the opportunity to consult an attorney.

15.     The Parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their respective attorneys and have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement.

16.     The Parties expressly acknowledge and agree that this Agreement and the payment of the sums provided in Paragraph 3 is contingent upon and conditional on the execution by Plaintiff and the entry of an Order from the Court dismissing the Civil Action with prejudice.

17.     The Plaintiff warrants and represents that other than this Civil Action, he has not filed and further agrees he shall not file any claim, charge, or complaint of any nature with any federal, state, or local court or federal, state or local agency, commission, or investigative body concerning or relating to any facts or circumstances arising out of or pertaining to the Plaintiff's employment or resignation from employment.

18.     Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, invalid, unethical or unenforceable term or provision shall be deemed not to be part of this Agreement.

19.     The Parties to this Agreement may execute their signature in counterpart, each document of which may be considered as an original when executed. A facsimile or electronic signature shall be deemed to be an original.

SPDN-868764429-3101498

Doc ID: 34c7f7a443175184371f09b50d9fde36fe43b9b0

20. The Parties hereto represent and acknowledge that in executing this Agreement, he does not rely and have not relied on any representation or statement made by any of the Parties or by any of the Parties' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

21. Any breach of any term, provision, or obligation of this Agreement by any Party shall entitle the other to seek enforcement of such terms, provisions, or obligations in a court of law of competent jurisdiction.

22. The Parties agree this Agreement will be interpreted under the laws of the State of Florida and the United States and venue shall lie exclusively in Miami Dade County.

_____
JANIERKY PEREZ

06 / 28 / 2022
Date

_____
WATER PRO, LLC
By Matthew Socarraz

_____
Title

06/29/2022
Date

_____
MATTHEW SOCARRAZ

SPDN-868764429-3101498

Doc ID: 34c7f7a443175184371f09b50d9fde36fe43b9b0



# Audit Trail

| | |
|---|---|
| **TITLE** | Settlement Agreement |
| **FILE NAME** | PEREZ JANIERKY - ...No WC) 062822.pdf |
| **DOCUMENT ID** | 34c7f7a443175184371f09b50d9fde36fe43b9b0 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

## Document History

**SENT**  **06 / 28 / 2022**  Sent for signature to Janierky Perez
13:56:21 UTC-4  (kreitor.andoa241@gmail.com) from jfp@thepalmalawgroup.com
IP: 143.244.34.27

**VIEWED**  **06 / 28 / 2022**  Viewed by Janierky Perez (kreitor.andoa241@gmail.com)
14:10:59 UTC-4  IP: 172.58.172.119

**SIGNED**  **06 / 28 / 2022**  Signed by Janierky Perez (kreitor.andoa241@gmail.com)
15:32:56 UTC-4  IP: 172.58.175.55

**COMPLETED**  **06 / 28 / 2022**  The document has been completed.
15:32:56 UTC-4

Powered by HELLOSIGN